```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

```
DEBRA Y. PETTIS,                  )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    Civil No. 09-2248 A/P
                                  )
CITY OF MEMPHIS, MINQUELL DEPREE  )
HUBBARD, individually and in his  )
official capacity as Battalion    )
Chief of the Memphis Fire         )
Department, and JOHN DOE, an      )
unidentified and uninsured        )
motorist,                         )
                                  )
     Defendants.                  )
```
_____

**REPORT AND RECOMMENDATION ON PLAINTIFF'S OBJECTION TO REMOVAL AND MOTION TO REMAND**
_____

Before the court by order of reference is plaintiff Debra Y. Pettis's ("Pettis") Objection to Removal and Motion to Remand. (D.E. 10.) The court hereby submits the following proposed findings of fact and conclusions of law, and recommends that the Motion to Remand be granted.

**I.   PROPOSED FINDINGS OF FACT**

On April 2, 2009, Pettis filed a complaint against defendants City of Memphis ("City"), Minquell Depree Hubbard ("Hubbard"), and an unidentified and uninsured John Doe motorist, in the Circuit Court of Shelby County, Tennessee. All claims in the complaint arose from personal injuries and damages sustained by Pettis on

April 7, 2008, when her vehicle was struck by a Memphis Fire Department vehicle driven by Battalion Chief Hubbard. At the time, Hubbard was responding to a fire emergency call and traveling at a high rate of speed. In addition, Pettis alleged that the negligent action of an uninsured John Doe motorist, who pulled in front of Hubbard's vehicle, may have caused Hubbard to lose control of his vehicle. Pettis brought a federal civil rights claim under 42 U.S.C. § 1983 and state law claims of negligence and violations of Tennessee statutes and City ordinances under the Tennessee Governmental Tort Liability Act. Pursuant to Tennessee Code Annotated ("T.C.A.") § 56-7-1206, Pettis served her uninsured motorist insurance carrier, GEICO General Insurance Company ("GEICO"), with the summons and complaint.[1]

On April 23, 2009, the City filed a Notice of Removal with

---

[1]Section 56-7-1206(a) provides as follows:

> (a) Any insured intending to rely on the coverage required by this part shall, if any action is instituted against the owner and operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though the insurance company were a party defendant. The company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner and operator of the uninsured motor vehicle or in its own name; provided, that nothing in this subsection (a) shall prevent the owner or operator from employing counsel of the owner's own choice; and provided, further, that the evidence of service upon the insurance carrier shall not be made a part of the record.

T.C.A. § 56-7-1206(a).

this court pursuant to 28 U.S.C. §§ 1441(b) and 1446, and on May 4, 2009, filed a Motion to Dismiss. On May 22, 2009, Pettis timely filed an Objection to Removal and Motion to Remand, arguing, among other things, that "[i]t does not appear that all defendants joined in the removal." (D.E. 10 at 2.) None of the defendants filed a response to the Motion to Remand, and as a result, on July 16, 2009, the court issued an order to show cause. On July 22, 2009, GEICO filed an uninsured motorist ("UM") answer with affirmative defenses, but made no mention of its consent to removal or the Motion to Remand. On July 27, 2009, the City responded to the show cause order by filing a brief in opposition to the Motion to Remand, stating that "Defendant City of Memphis asserts that it consulted all Defendants known by it to have been served at the time of the removal and all consented to the removal. Further, the 'John Doe' uninsured motorist carrier defendant has since filed a pleading with the Court and raised no objection to the jurisdiction of the court." (D.E. 32 at 1-2.) From the City's response, however, it was unclear whether its reference to consulting with "all Defendants" included GEICO.

On October 5, 2009, the court issued an Order Directing Parties to Submit Additional Briefing on the Issue of Consent to Removal. The court gave the parties an opportunity to file supplemental briefs, including supporting affidavits if appropriate, on the issue of consent to removal. Although Hubbard

-3-

submitted a supplemental brief, GEICO did not file a brief in response to the October 5 order.

## II.  PROPOSED CONCLUSIONS OF LAW

"[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable." Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003); see also Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999) (explaining that "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal"); Whitten v. Michelin Americas Research & Dev. Corp., No. 05-2761 MI/V, 2006 WL 1645833, at *2 (W.D. Tenn. June 8, 2006)(same).  The burden of showing that the requirements for removal have been met falls on the party seeking to remove the action, rather than the party seeking to remand it.  Jerome-Duncan Inc. v. Auto-By-Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999).

Pettis argues in her Motion to Remand that it "does not appear that all defendants joined in the removal." The City asserts that

-4-

"it consulted all Defendants known by it to have been served at the time of the removal and all consented to the removal."  Although it appears from the City's and Hubbard's briefs that Hubbard in fact consented to the City's Notice of Removal at the time it was filed, there is nothing in the record to indicate that GEICO ever consented to removal.

The City argues that GEICO "has since [the filing of the Notice of Removal] filed a pleading with the Court and raised no objection to the jurisdiction of the court."  (D.E. 32 at 2.)  However, "merely filing an answer in federal court is not an unambiguous manifestation of consent to removal."  Local Union No. 172, Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dick, Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003) (citing Spillers v. Tillman, 959 F. Supp. 364, 370-71 (S.D. Miss. 1997)); see also Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004) (affirming the district court's conclusion that defendant complied with the rule of unanimity by asserting in its answer that "the proper jurisdiction and venue for this case is the U.S. District Court for the Eastern District of Michigan, Southern Division"); Renick v. Smith, No. 1:07-CV-108, 2007 WL 2174653, at *1 (W.D. Ky. July 26, 2007) (stating that "'a nonremoving defendant's filing of motions or pleadings in federal court, without explicitly indicating consent to or jurisdiction in the removal is insufficient to satisfy the requirements of

§ 1446'") (quoting Hicks v. Emery Worldwide, Inc., 254 F. Supp. 2d 968, 975 (S.D. Ohio 2003)); Barajas Salcedo v. Williams Chevrolet Inc., No. 1:07-cv-104, 2007 WL 1594467, at *2 (W.D. Mich. June 1, 2007) (holding that "silence cannot reasonably be deemed the necessary 'consent to removal in writing' required under Loftis"). GEICO's UM answer is silent on the issue of removal, and therefore it cannot be construed as a consent to removal. GEICO's other miscellaneous court filings - the motion to sever, the set of interrogatories, and the notice of correction - also do not demonstrate GEICO's consent to removal.[2] In fact, even though the court has issued an order to show cause and an order specifically directing the parties to file briefs on the issue of consent to removal, GEICO has not responded to these orders.

"Because removal is a statutory right, the Defendants must comply strictly with the procedures to effect removal." Nixon v. James, 174 F. Supp. 2d 739, 743 (M.D. Tenn. 2001). Although, as a general rule, all defendants must consent to the removal of an action to federal court, id. (citing Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985)), there are three well-recognized exceptions to this rule of unanimity: "(1) where a defendant was not yet served with process at the time the removal petition was filed; (2)

---

[2]GEICO filed with the court its First Set of Interrogatories and Requests for Production of Documents to Plaintiffs. (D.E. 24.) The court notes that in its discovery requests, GEICO cited the Tennessee Rules of Civil Procedure (as opposed to the federal rules) as the bases for seeking discovery.

where a defendant is merely a nominal or formal party-defendant; or (3) where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c)." Id. (citing Moody v. Commercial Ins. Co., 753 F. Supp. 198, 200 (N.D. Tex. 1990)); see also Tune, Entrekin & White, P.C. v. Magid, 220 F. Supp. 2d 887, 889 (M.D. Tenn. 2002) (stating that "[t]here are exceptions where a defendant has not been served with process at the time of removal, where a defendant is merely nominal, or where the removed claim is a separate and independent claim") (citing Nixon, 174 F. Supp. 2d at 743).

The only potentially applicable exception is the second one, that is, whether GEICO is merely a nominal or formal party-defendant.[3] Stated another way, the question is whether the uninsured motorist insurance carrier is a "real party" to the controversy. Johnson v. Hill Bros. Transp., 262 F. Supp. 2d 889, 891 (E.D. Tenn. 2003) (stating that "'a federal court must

---

[3]The first and third exceptions are not applicable in this case. With respect to the first exception, although it is not clear exactly when GEICO received the summons, GEICO must have received it on or before July 22, 2009, because that was the date GEICO filed its UM answer. Thus, the thirty-day time period in which GEICO was required to file its consent to removal has expired, and any effort to do so now would be considered untimely. With respect to the third exception, defendants did not remove this case under 28 U.S.C. § 1441(c) and, in any event, Pettis's federal and state law claims are based on the same set of facts and injuries, and therefore are not considered separate and independent for purposes of § 1441(c).  See Wallin v. Shanaman, No. 08-cv-01987, 2009 WL 1189337, at *2-3 (D. Colo. May 1, 2009); Dunn v. Ayre, 943 F. Supp. 812, 814 (E.D. Mich. 1996); Nabors v. City of Arlington, 688 F. Supp. 1165, 1167 (E.D. Tex. 1988).

disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy'") (quoting Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)); Zurenda v. Holloman, 616 F. Supp. 212, 213 (E.D. Va. 1985) (stating that, in deciding whether a defendant must consent to removal, "[t]he question is whether the uninsured motorist insurance carrier is a necessary party defendant to the action").  To answer this question, the court must look to the substantive law of the state. See Zurenda, 616 F. Supp. at 213 (applying Virginia law and concluding that uninsured motorist insurance carrier was not a party defendant within 28 U.S.C. § 1441); see also Collins v. Hamby, 803 F. Supp. 1302, 1304 (E.D. Tenn. 1992) (stating that "[a] court must look to the substantive law of the state to determine whether an individual, although present in the litigation, is a real and substantial party to the litigation").

As courts have observed, "the definition of a real party in interest breaks down in the area of insurance law because of courts' historic treatment of insurance companies in tort litigation." Collins, 803 F. Supp. at 1305.  In deciding whether GEICO is a real party to the controversy, this court finds particularly persuasive Johnson v. Hill Bros. Transportation, 262 F. Supp. 2d 889.  In Johnson, the plaintiff sued the driver (Leal) of the truck that collided with her vehicle, the driver's employer (Hill Brothers), and a John Doe defendant, who plaintiff asserted

contributed to the accident. Id. at 890. Pursuant to T.C.A. § 56-7-1206, the plaintiff served his uninsured motorist carrier (LIGA), who later intervened in the case and answered the complaint. Id. The defendants then moved to dismiss for lack of diversity jurisdiction, due to the intervention of the uninsured motorist carrier. Id.

The court, relying on Collins v. Hamby, 803 F. Supp. 1302, and Broyles v. Bayless, 878 F.2d 1400 (11th Cir. 1989), held that "uninsured motorist carriers should generally be treated like insured motorist carriers for the purposes of diversity jurisdiction, . . . [in that] when the uninsured motorist carrier defends the identified owner or operator of a vehicle, the citizenship of the uninsured motorist carrier will not be considered for diversity purposes." Johnson, 262 F. Supp. 2d at 891. However, the court noted three exceptions to this general rule of ignoring insurance carriers for purposes of diversity jurisdiction: "'(1) when [the insurance carrier has] become subrogated to the rights of their insured after payment of the loss; (2) when [the insurance carrier is] defending direct actions brought against them; and (3) when, for some reason, [the insurance carrier] must assume primary and visible control of the litigation.'" Id. (quoting Collins, 803 F. Supp. at 1305). The court concluded that the third exception applied:

> LIGA has answered the complaint, pursuant to [T.C.A.] § 56-7-1206, on behalf of itself and the

> uninsured motorist identified only as John Doe. Therefore, the question arises whether LIGA must necessarily "assume primary and visible control of the litigation" in order to protect its interest, thus falling within the third exception noted by the Broyles and Collins courts. Id. When an uninsured motorist carrier is faced with defending a John Doe motorist, the rationale expressed by the Broyles and Collins courts in favor of ignoring the uninsured motorist carrier's citizenship ceases to apply. The Eleventh Circuit noted that "unless the insurance company interjects itself into the controversy in such a way that it has direct liability and/or active, visible and primary control of the litigation, its citizenship should not be considered for purposes of diversity jurisdiction." Broyles, 878 F.2d at 1406. Judge Jarvis similarly explained that the carrier's citizenship should not be considered in that case because "this is not a situation in which [the uninsured motorist carrier] has incurred, through default, the primary obligation to defend the lawsuit because it became the only defendant." Collins, 803 F. Supp. at 1304.
>
> In this case, the third exception described in both Broyles and Collins is precisely the situation that exists when an uninsured motorist carrier defends a John Doe motorist. Although Hill Brothers and Leal also appear as defendants in this action, LIGA alone bears the responsibility of representing John Doe. With the actual uninsured motorist absent from the trial, the uninsured motorist carrier must necessarily "assume primary and visible control of the litigation." See Collins, 803 F. Supp. at 1304. It would be difficult indeed for LIGA's attorneys to appear in Court incognito, asserting that they represent someone whom they cannot identify. Therefore, the amendment of the complaint to include defendant John Doe and the subsequent intervention of LIGA, a citizen of the same state as the plaintiff, destroys diversity jurisdiction in this particular case.

Johnson, 262 F. Supp. 2d at 892.

Although the issue presented in the instant case involves consent to removal, as opposed to diversity of citizenship, the court submits that the analysis set forth in Johnson is equally

applicable in determining whether an uninsured motorist insurance carrier should be treated as either a real or nominal party for purposes of the rule of unanimity.  Here, as in Johnson, the uninsured motorist is absent and GEICO has filed an answer to the complaint.  Moreover, GEICO has further demonstrated an intent to assume control of the litigation by serving Pettis with a set of discovery requests and alleging as an affirmative defense that the City's and Hubbard's negligence caused the accident.  Thus, GEICO is not merely a nominal or formal party-defendant to the litigation and was required to consent to removal of this action to federal court.  As the defendants have not demonstrated that GEICO consented to removal, the motion to remand should be granted.

### III.  RECOMMENDATION

For the reasons above, the court recommends that the motion to remand be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 9, 2009
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**