IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **DEBRA Y. PETTIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   No. 09-2248-STA |
| **CITY OF MEMPHIS, MINQUELL** | ) |
| **DEPREE HUBBARD, individually, and** | ) |
| in his official capacity as battalion chief | ) |
| of the Memphis Fire Department; and JOHN | ) |
| DOE, an unidentified and uninsured | ) |
| motorist; | ) |
| | ) |
| **Defendants.** | ) |

_____

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff Debra Pettis' Objection to Removal and Motion to Remand (D.E. # 10) filed on May 22, 2009.  On December 9, 2009, the Magistrate Judge recommended that Plaintiff's Motion be granted and the case remanded.  Defendant City of Memphis filed timely objections to the Magistrate Judge's Report and Recommendation (D.E. # 38) on December 23, 2009.  Having reviewed the Magistrate Judge's Report and Recommendation *de novo*, and the entire record of the case, the Court hereby **ADOPTS** the Magistrate Judge's Report and **GRANTS** Plaintiff's Motion to Remand.

**BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the facts in this case, which were as follows:

On April 2, 2009, Pettis filed a complaint against defendants City of Memphis ("City"), Minquell Depree Hubbard ("Hubbard"), and an unidentified and uninsured John Doe motorist, in the Circuit Court of Shelby County, Tennessee. All claims in the complaint arose from personal injuries and damages sustained by Pettis on April 7, 2008, when her vehicle was struck by a Memphis Fire Department vehicle driven by Battalion Chief Hubbard. At the time, Hubbard was responding to a fire emergency call and traveling at a high rate of speed. In addition, Pettis alleged that the negligent action of an uninsured John Doe motorist, who pulled in front of Hubbard's vehicle, may have caused Hubbard to lose control of his vehicle. Pettis brought a federal civil rights claim under 42 U.S.C. § 1983 and state law claims of negligence and violations of Tennessee statutes of City ordinances under the Tennessee Governmental Tort Liability Act. Pursuant to Tennessee Code Annotated ("T.C.A.") § 56-7-1206, Pettis served her uninsured motorist insurance carrier, GEICO General Insurance Company ("GEICO"), with the summons and complaint.

On April 23, 2009, the City filed a Notice of Removal with this court pursuant to 28 U.S.C. §§ 1441(b) and 1446, and on May 4, 2009, filed a Motion to Dismiss. On May 22, 2009, Pettis timely filed an Objection to Removal and Motion to Remand, arguing, among other things, that "[i]t does not appear that all defendants filed a response to the Motion to Remand, and as a result, on July 16, 2009, the court issued an order to show cause. On July 22, 2009, GEICO filed an uninsured motorist ("UM") answer with affirmative defenses, but made no mention of its consent to removal or the Motion to Remand. On July 27, 2009, the City responded to the show cause order by filing a brief in opposition to the Motion to Remand, stating that "Defendant City of Memphis asserts that it consulted all Defendants known by it to have been served at the time

of the removal and all consented to the removal.  Further, the 'John Doe' uninsured motorist carrier defendant has since filed a pleading with the Court and raised no objection to the jurisdiction of the court." (D.E. 32 at 1-2.)  From the City's response, however, it was unclear whether its reference to consulting with "all Defendants" included GEICO.

On October 5, 2009, the court issued an Order Directing Parties to Submit Additional Briefing on the Issue of Consent to Removal.  The court gave the parties an opportunity to file supplemental briefs, including supporting affidavits if appropriate, on the issue of consent to removal.  Although Hubbard submitted a supplemental brief, GEICO did not file a brief in response to the October 5 order.

The Magistrate Judge has recommended that the Court grant Plaintiff's Motion to Remand.  More specifically, the Magistrate Judge concluded that Defendant GEICO did not consent to removal, as required by the rule of unanimity.  Additionally, the Magistrate Judge found that the exceptions to the rule were inapplicable in this case.

Defendant City of Memphis has filed timely objections to the Magistrate Judge's Report and Recommendation.  The Defendant argues at the time it filed its Notice of Removal it did not know Defendant GEICO had been served.  Defendant cites the lack of proof of service on the circuit court docket sheet for its lack of knowledge.  Defendant then cites cases outside of this Circuit for the proposition that "exceptional circumstances" or "equitable exceptions" can justify delayed consent to removal or procedural defects.  Based on these cases, the Defendant asks this Court to deny Plaintiff's Motion to Remand.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a district court shall apply a *de novo* standard of review

for "dispositive" motions excepted in § 636(b)(1)(A) such as motions to dismiss.[1]

## ANALYSIS

Under 28 U.S.C. § 1442, the federal removal statute, a defendant must file its notice of removal "within thirty days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[2] As the Magistrate Judge correctly noted when there are multiple defendants, "[t]he rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal."[3] "[A]ll defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable."[4] Failure to obtain unanimous consent forecloses the opportunity for removal under 1446.[5] The burden of showing that the requirements of removal have been

---

[1] *United State v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz,* 447 U.S. 667, 674, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). *See also* 28 U.S.C. § 636(b)(1). The Sixth Circuit has held that "a remand order is the functional equivalent of an order to dismiss." *Vogel v. United States Office Prod. Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

[2] 28 U.S.C. § 1446(b).

[3] *Brierly v. Alusuisse Flexible Packaging, Inc*., 184 F.3d 527, 533 n. 3 (6th Cir. 1999).

[4] *Loftis v. United Parcel Serv*., 342 F.3d 509, 516 (6th Cir. 2003).

[5] *Id*.

met falls on the party seeking to remove the action, rather than the party seeking a remand.[6]

In the case at bar, Defendant City of Memphis filed a Notice of Removal on April 23, 2009. The Notice of Removal indicates that service of process was effectuated on the City on April 6, 2009, and on Defendant Hubbard on April 3, 2009.[7] The Notice, however, makes no mention of service of process on Defendant GEICO. Therefore, as the Magistrate Judge pointed out, based solely on the face of the Notice, it is unclear whether Defendant GEICO consented to Removal as required by the rule of unanimity.

As noted above, the Magistrate Judge provided the parties with the opportunity to provide supplemental briefs regarding the issue of consent to removal. Defendant GEICO, however, did not respond to the Court's order. Therefore, the Magistrate Judge concluded that although Defendant Hubbard consented to Defendant City's Notice of Removal, there is nothing in the record to indicate that Defendant GEICO ever consented to removal.

The Magistrate Judge then correctly found that for the Defendant City's Notice of Removal to be proper one of the three exceptions to the rule of unanimity must apply. The Sixth Circuit has excused noncompliance with the rule of unanimity in three situations:

> (1) the non-joining defendant has not been served with service of process at the time the removal petition is filed; (2) the non-joining defendant is merely a nominal or formal party; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c).[8]

Here, the Magistrate Judge found that none of the three exceptions are applicable in the present

---

[6] *Nixon v. James*, 174 F. Supp. 2d 739, 742 (M.D. Tenn. 2001)(citing *Jerome-Duncan v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).

[7] Notice of Removal, ¶ 2.

[8] *First Independence Bank v. Trendventures, L.L.C.*, No. 07-CV-14462, 2008 WL 253045, *5 (E.D. Mich. Jan. 30, 2008)(quoting *Klein v. Manor Healthcare Corp.*, No. 92-4328,1994 WL 91786, at *3, n.8 (6th Cir. Mar. 22, 1994)).

case. This Court would agree.

Defendant City of Memphis, in contrast, seems to assert that the first exception applies, although it does not specifically state as much. Defendant City argues that (1) it consulted all Defendants known by it to have been served at the time of removal, (2) it was unaware that Defendant GEICO had been served, and (3) Defendant GEICO implicitly consented to removal by filing its Answer and Motion to Sever with this Court. To support its position, the Defendant City contends that the circuit court docket sheet as of April 21, 2009, did not indicate that Defendant GEICO had been served. The Defendant cites cases outside of this Circuit for the proposition that the failure to join served defendants can be cured by reasonable diligence, such as checking the state court docket sheet for proof of service.[9] Although Defendant City failed to obtain Defendant GEICO's consent, Defendant City contends that the defect was cured by its examination of the circuit court's docket sheet. Therefore, Defendant City seems to contend that the Magistrate Judge's recommendation should be overruled based on the first exception.

As noted above, the burden to show that the removal requirements have been met falls on the party seeking removal, here the Defendant City. As such, at the time of removal, Defendant City was obligated to determine whether it needed to obtain Defendant GEICO's consent in order to comply with the rule of unanimity. The Defendant contends that based on the absence of proof of service on the circuit court docket sheet on April 21, 2009, it did not need Defendant GEICO's consent. This Court, however, disagrees.

When the Defendant City looked at the circuit court docket sheet on April 21, 2009, it is

---

[9] Defendant cites *Dupree v. Rorin Jacks, Inc.*, No. 08-cv-1648, 2009 WL 366332 (W.D. La. Feb. 12, 2009).

clear that it was on notice that a summons had been issued to "GEICO-INSURANCE-COMM OF INS. W/ $ 15" on April 2, 2009.[10] The docket entry also makes it clear that the summons was issued for service on Defendant GEICO through the Tennessee Commissioner of Insurance. Therefore, under the facts of the present case, the Court finds that it would have been reasonable for the Defendant City to contact the Insurance Commissioner to determine if service of process had been effectuated on Defendant GEICO before filing its Notice of Removal. The Defendant City, however, did not take this route. Instead, the Defendant City merely relied on the absence of proof of service on the docket sheet to conclude Defendant GEICO's consent was unnecessary. The fact that the Plaintiff was dilatory in failing to file return of service, however, does not in and of itself relieve the Defendant City from taking reasonable steps to determine whether Defendant GEICO had been served.

In fact, service of process was effectuated on Defendant GEICO prior to April 23, 2009, the day the Defendant City filed its Notice of Removal.[11] As such, the first exception for non-compliance with the rule of unanimity is inapplicable in the present case. The circuit court docket sheet effective December 23, 2009, indicates that while return of service was filed on October 15, 2009, service was actually effectuated as to Defendant GEICO on April 16, 2009.[12] Therefore, pursuant to the removal statute Defendant GEICO was required to join in the removal or file a written consent to removal. Neither action was ever taken by Defendant GEICO. The

---

[10] Exhibit 1, Def.'s Objection to Report and Recommendation.

[11] The Magistrate Judge noted in his Report and Recommendation that "it is not clear exactly when GEICO received the summons, GEICO must have received it on or before July 22, 2009, because that was the date GEICO filed its UM answer." The circuit court docket sheet as of December 23, 2009, however, was not part of the record before the Magistrate Judge.

[12] Exhibit 2, Def.'s Objection to Report and Recommendation.

Defendant City contends that such consent, however, was implicit by Defendant GEICO's filing of its Answer. However, as the Magistrate Judge correctly pointed out, "merely filing an answer in federal court is not an unambiguous consent to removal."[13]

As an aside, the Defendant City relies on *Milstead Supply Co. v. Cas. Ins. Co.*[14] and *Dupree v. Rorin Jacks, Inc*[15] for the proposition that examining a state court docket sheet compensates for failing to obtain a defendant's consent to removal. The Court finds, however, that these cases are distinguishable from the present case. In both cases, the thirty day period for removal began to run thirty days after the first defendant was served.[16] Under this type of rule, "a defendant can often be faced with a task of removing first and asking questions later."[17] The Sixth Circuit, however, takes a different approach to removal. In this Circuit, the last served defendant has thirty days from the date of service to remove a case to federal court, with the consent of the remaining defendants.[18] Under this rule, a defendant who failed in obtaining removal within its thirty day period can consent to a later served defendant's removal petition.[19] Therefore, in this Circuit a defendant is in essence afforded the opportunity to "ask questions

---

[13] *Local Union No. 172, Int'l Ass'n of Bridge, Structural Ornamental and Reinforcing Ironworkers v. P.J. Dick, Inc*., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003).

[14] *Milstead Supply Co. v. Casualty Ins. Co*., 797 F. Supp. 569 (W.D. Tex. 1992).

[15] *Dupree*, 2009 WL 366332.

[16] *See Milstead Supply Co*., 797 F. Supp. at 572; *Dupree*, 2009 WL 366332 at *1 (it is the rule in the Fifth Circuit that in cases involving multiple defendants, the 30-day removal period begins to run as soon as the first defendant is served).

[17] *Milstead Supply Co*., 797 F. Supp. at 573.

[18] *Brierly*, 184 F.3d at 533.

[19] *Bradfield v. City of Memphis*, No. 01-5209, 2001 WL 1450829, at *2 (Nov. 5. 2001).

now and remove later." Thus, the Defendant City, unlike the defendants in *Milstead Supply Co. and Dupree*, had time to determine whether Defendant GEICO consented to removal, since it could have joined a Notice of Removal Defendant GEICO filed.

The Magistrate Judge also found that the other two exceptions, where a defendant is merely a nominal or formal party and where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c), for non-compliance were inapplicable in this case. The Defendant City does not object to this portion of the Magistrate Judge's Report and Recommendation. The Court finds no error in the Magistrate Judge's reasoning and thus also finds that the latter two exceptions are inapplicable in the present case. Therefore, the Court finds, just as the Magistrate Judge did, that Defendant GEICO was required to consent to removal of this action to federal court.

## CONCLUSION

Having reviewed the Magistrate Judge's report and recommendation de novo, and Defendant City's objections to the report, the Court hereby **ADOPTS** the Magistrate Judge's report. Plaintiff's Motion to Remand is **GRANTED**.

**IT IS SO ORDERED**.

                                                **s/ S. Thomas Anderson**
                                                S. THOMAS ANDERSON
                                                UNITED STATES DISTRICT JUDGE

                                                Date: January 29th, 2010.